■ MARGOT R. PRENDERGAST, Respondent, v. JAMES T. PRENDERGAST, Appellant. — Order and judgment (one paper), Supreme Court, New York County, entered July 19, 1972, insofar as appealed from, unanimously reversed, on the law, without costs and without disbursements, and plaintiff-respondent's cross motion to punish defendant-appellant for contempt of court denied. In March, 1970, Justice Starke incorporated into the judgment which terminated the parties' marriage their stipulation, of which two aspects are central to this case: defendant-appellant husband was to pay $10,000 a year for alimony and child support, and to permit his former wife to occupy, free of maintenance, for one year only, the co-operative apartment owned by him, which had been the marital abode. The apartment was later to be sold and the proceeds shared by the parties. Shortly before the year was up, she moved to vacate the judgment, claiming fraud; the application, referred to Justice Starke, was sent by him to the court's Referee to hear the dispute. Meanwhile, defendant's attorneys, in return for adjournment to prepare papers in opposition, gave their adversaries a letter promising that, pending decision of the motion, their client would not alienate or encumber the apartment. Justice Starke refused, however, to stay his judgment pending that decision so that, when April came and plaintiff still remained in the apartment, defendant, as explained then in a letter, deducted from that month's payment of alimony and support the amount of monthly maintenance paid by him. She moved forthwith to punish him for contempt, claiming that the letter, which contained the promise not to alienate the apartment during pendency of the motion, guaranteed her maintenance free occupancy. Justice Starke, to whom the motion was referred, held the deduction not to have been disobedient of the judgment; his decision was not appealed, and defendant continued to make similar deductions until February, 1972, when Justice Starke ruled, based on the Referee's report, that the stipulation incorporated in the judgment had not been fraudulently obtained. Defendant then moved for an order compelling turnover of the apartment to him as the judgment provided. Plaintiff cross-moved to punish for contempt for the monthly maintenance deductions following Judge Starke's earlier ruling on that very subject. Special Term refused to refer the motions to the Justice who had decided the case in its earlier aspects, and would not consider the motion papers which had been submitted to him on the prior motion. Paradoxically, it seems, Special Term directed plaintiff to move out of the apartment within 30 days, held defendant to have been contemptuous in making the deductions and directed payment thereof, and denied plaintiff a counsel fee. The law of the case having been made by Justice Starke in the manner described, defendant was not contemptuous in continuing the very conduct sanctioned by the court, and is entitled to an adjudication accordingly (Mt. Sinai Hosp. v. Davis, 8 A D 2d 361). Order, Supreme Court, New York County, entered September 25, 1972, so far as

appealed from, unanimously modified, in the exercise of discretion, to reduce the allowance of counsel fee to plaintiff for [above] appeal to $500, and otherwise affirmed, without costs and without disbursements. In the circumstances disclosed, the amount we set is adequate compensation for the services rendered. Concur—McGivern, J. P., Markewich, Nunez, Murphy and Tilzer, JJ.